### Ex parte BARBAROSSA.

#### (District Court, S. D. New York.)

HABEAS CORPUS (§ 23*)—DEPORTATION—DISCRETION OF IMMIGRATION OFFICERS.
Where the immigration authorities ordered the deportation of an imbecile alien child 14 years old, and designated the stepfather to accompany the child under Immigration Act (Act March 3, 1891, c. 551, 26 Stat. 1086 [U. S. Comp. St. 1901, p. 1299]) § 11, and it was then found that the alien mother and her other minor children were liable to become public charges, the action of the immigration authorities in ordering the deportation of the mother and other minor children was within their discretion, and the court would not interfere therewith on habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 17; Dec. Dig. § 23.*]

Application by Frederico Barbarossa for a writ of habeas corpus for the discharge of aliens from custody. Dismissed, and aliens remanded to custody of the Commissioner of Immigration.

Irving C. Fox, of New York City, N. Y., for applicant.
Henry A. Wise and J. Neville Boyle, Asst. U. S. Atty., opposed.

MAYER, District Judge. An examination of the record in this case does not bear out the impression entertained when the matter was first presented. The petition for the writ is made by one Barbarossa, the brother-in-law of the alien Maria Damiani, the wife of Benedetto Paolucci. Paolucci, about four months ago, married Maria Damiani, who, at the time, was the mother of four children of the ages of 9, 12, 14, and 16, respectively. Teresa, one of these children, and aged 14, was duly certified by the medical officers to be an imbecile, and the Board of Special Inquiry duly ordered this child deported, and the appropriate certificate under section 11 of the Immigration Act was given. No question is raised in regard to the order affecting this child. The Board of Special Inquiry excluded the stepfather, Paolucci, as the alien to accompany the excluded alien child under section 11 of the act. The board then found that the wife and the remaining stepchildren were persons likely to become public charges and excluded them and ordered all deported.

An offer was made on behalf of the aliens that the 16 year old alien, who is a male, should accompany the imbecile child.

The only other accompanying aliens in this case who could return with the child would be either the stepfather or the mother. If the mother had been designated to accompany the child, a situation would have been presented where the board would have had the discretion to decide that the stepchildren might become public charges because there was no legal obligation upon the stepfather to support them.

Upon the record in the case it appears, therefore, that the authorities exercised their discretion in making the order of deportation, and that discretion cannot and should not be interfered with.

Writ dismissed, and the aliens remanded to the custody of the Commissioner of Immigration to be dealt with according to law.